101 F.3d 684
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Raymond JEMZURA, Plaintiff-Appellant,
v.
NEW YORK STATE ELECTRIC & GAS CORPORATION; Public Service
Commission; Eugene Connell, Acting Chief, Consumer
Assistance, State of New York Department of Public Service;
John D. Draghi, Defendants-Appellees.
 No. 95-7856.
 United States Court of Appeals, Second Circuit.
 May 17, 1996.
 
 APPEARING FOR APPELLANT: Raymond Jemzura, pro se, Earl ville, N.Y.
 APPEARING FOR APPELLEES: Cheryl L. Callahan, Public Service Commission of the State of New York, Albany, N.Y.
 John D. Draghi, Huber Lawrence & Abell, New York, N.Y.
 N.D.N.Y.
 AFFIRMED.
 Present: NEWMAN, Chief Judge, OAKES, PARKER, Circuit Judges.
 
 
 1
 Raymond Jemzura appeals pro se from the August 18, 1995, judgment of the District Court dismissing as frivolous his suit seeking damages and injunctive relief because the New York State Electric and Gas Corporation has not extended an electric power line to his home.
 
 
 2
 The suit was properly dismissed because the constitutional claims against defendant Connell, an official of the New York State Public Service Commission, are frivolous and the claims against the other public and private defendants are barred by collateral estoppel, arising from appellant's prior federal court litigation. To whatever extent appellant endeavors to reframe his claims as new constitutional allegations, his allegations are either barred by collateral estoppel or are frivolous.
 
 
 3
 By Order entered October 19, 1995, this Court vacated that portion of the District Court's judgment barring appellant and his brother from filing further actions concerning their dispute about a power line. Appellees seek reinstatement of that injunction. The injunction was vacated because it had been issued without the required notice and opportunity to respond. See In re Hartford Textile Corp., 613 F.2d 388, 291 (2d Cir.1979). We adhere to our prior ruling and decline to reinstate the injunction, without prejudice to an application by the appellees to obtain such an injunction, upon proper notice.